# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CECIL LEE WILSON,        :
                       :     CIVIL ACTION
        Plaintiff,       :
                       :
      v.                 :
                       :     NO.  10-4517
MICHAEL J. ASTRUE, Commissioner  :
of Social Security Administration,   :
                       :
        Defendant.     :

## MEMORANDUM

BUCKWALTER, S. J.                                     May 23, 2011

      Currently pending before the Court are Plaintiff Cecil Lee Wilson's Objections to the Report and Recommendation of United States Magistrate Judge Henry S. Perkin.  For the following reasons, the Objections are overruled.

## I.      PROCEDURAL HISTORY

      Plaintiff originally filed his application for Disability Insurance Benefits ("DIB"), pursuant to Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*, on April 8, 2008.  His claim alleged disability since May 31, 1999, due to acute myocardial infarction.  The state agency denied Plaintiff's application on June 16, 2008, and Plaintiff timely requested a hearing before an administrative law judge ("ALJ").  Following a hearing on July 14, 2009, ALJ Deborah Mande denied Plaintiff benefits in a decision dated September 4, 2009.  Upon Plaintiff's request for review, the Appeals Council affirmed on July 9, 2010, making the ALJ's ruling the final decision of the agency.

      Plaintiff initiated the present civil action in this Court on September 7, 2010.  His Request

for Review set forth three alleged errors: (1) the ALJ erred in failing to schedule the testimony of a medical expert to evaluate whether Plaintiff's combined impairments equaled a listing of impairments; (2) the ALJ's finding that Plaintiff's statements concerning his impairments and their effect on his ability to work are not entirely credible and not supported by substantial evidence; and (3) the ALJ's finding that Plaintiff has a residual functional capacity for light work is not supported by substantial evidence and the ALJ erred in using an improper medical-vocational rule, especially in the failure to consider non-exertional factors. On March 29, 2011, Magistrate Judge Perkin issued a Report and Recommendation ("R&R") deeming these contentions meritless and suggesting that the ALJ's decision be affirmed.

Plaintiff filed Objections to the R&R, on April 13, 2011, asserting the following: (1) the R&R failed to give proper weight to the Plaintiff's subjective statements of limitation, particularly in light of his documented treatment record; (2) the R&R and the ALJ failed to accept claimant's statements of disability where the claimant's testimony was reasonably supported by the medical evidence and where Plaintiff was found disabled by the Department of Veterans Affairs; (3) the Magistrate Judge erroneously adopted the ALJ's conclusion that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments that appear in the Listing of Impairments, without input at the hearing from a medical expert; (4) the Magistrate Judge committed error of law in upholding the ALJ's conclusion that Plaintiff has a residual functional capacity for light work; (5) the R&R failed to properly set forth the correct substantial evidence test used specifically in disability cases, setting forth only a limited version of that test; (6) the Magistrate Judge committed an error of law in not requiring a consultative examination, in that an opinion based on personal contemporaneous observation was

not available; and (7) the Magistrate Judge's discussion of the evidence of record reiterated, "with approval, and without proper/adequate scrutiny, the ALJ's summary of the same, even quoting it verbatim," thereby failing to address the fact that the ALJ committed error by picking and choosing among the findings in the evidentiary record.  (Pl.'s Objections pp. 1-6.)  Defendant filed a Response to these Objections on April 26, 2011, thus making them ripe for this Court's consideration.

## II.   STANDARD OF REVIEW[1]

When a party makes a timely and specific objection to a portion of a report and recommendation by a United States Magistrate Judge, the district court is obliged to engage in *de novo* review of the issues raised on objection.  28 U.S.C. § 636(b)(1); <u>see</u> <u>also</u> <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989).  In so doing, the court may "accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report.  28 U.S.C. § 636(b)(1). The court may also, in the exercise of sound judicial discretion, rely on the Magistrate Judge's proposed findings and recommendations.  <u>See</u> <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980).

The Court's review of an ALJ's findings of fact, however, is limited to determining whether or not substantial evidence exists in the record to support the Commissioner's decision. <u>Schaudeck v. Comm'r of Soc. Sec. Admin.</u>, 181 F.3d 429, 431 (3d Cir. 1999).  Stated differently, "[t]his Court is bound by the ALJ's findings of fact if they are supported by substantial evidence on the record." <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).  "Substantial evidence 'does not mean a large or considerable amount of evidence but rather such relevant evidence as a reasonable mind might

---

[1]  Plaintiff's medical history and the five-step legal framework for assessing a disability claim were adequately summarized by the Magistrate Judge.  In lieu of repeating that discussion, the Court incorporates by reference those portions of the R&R into this Opinion.

accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)

(quoting Pierce v. Underwood, 487 U.S. 552 (1988)).

## III.   DISCUSSION

### A.   Duplicative Objections (Objections 1-4)

Plaintiff's first, second, third, and fourth Objections allege, respectively, that:  (1) the R&R

and the ALJ failed to give proper weight to the Plaintiff's subjective statements of limitation where

Plaintiff's testimony was reasonably supported by the medical evidence, his documented treatment

record, and a finding by the Department of Veterans Affairs (Objections 1 & 2); (2) the R&R

improperly adopted the ALJ's conclusion that Plaintiff's impairments did not meet or medically

equal a Listing, even though the ALJ failed to consult a medical expert (Objection 3); and (3) the

R&R erred by upholding the ALJ's conclusion that Plaintiff had the residual functional capacity for

light work (Objection 4).  In support of each of these Objections, however, Plaintiff relies, almost

verbatim, on his argument as presented in his "Brief and Statement Issues in Support of Request for

Review and Motion for Summary Judgment" provided to the Magistrate Judge.  The current

Objections contain no amplification of the argument or indication of why the R&R's reasoning,

aside from adopting the ALJ's determination, was flawed.

"To obtain *de novo* determination of a magistrate's findings by a district court, 28 U.S.C. §

636(b)(1) requires both timely and specific objections to the report."  Goney v. Clark, 749 F.2d 5, 6

(3d Cir. 1984).  Pursuant to this statute, the district court must "make a de novo determination of

those ***portions*** of the report or ***specified*** proposed findings or recommendations to which objection

is made."  28 U.S.C. § 636(b)(1) (emphasis added).  Providing complete *de novo* review where the

objections are general in nature and lack the specificity required by § 636(b)(1) would "undermine

the efficiency the magistrate system was meant to contribute to the judicial process." Id. at 7. Thus, if objections to a report "merely reiterate arguments previously raised before a magistrate judge, *de novo* review is not required." Palmer v. Astrue, No. CIV.A.09-820, 2010 WL 1254266, at *2 (E.D. Pa. Mar. 31, 2010); see also Riley v. Barnhart, No. CIV.A.05-5731, 2010 WL 1186314, at *2 (E.D. Pa. Mar. 25, 2010) (holding that '[i]nasmuch as Plaintiff herein has failed to '. . . identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge,' he is not entitled to further review of these issues"); Moran v. Astrue, No. CIV.A.08-2133, 2009 WL 3541001, at *3 (E.D. Pa. Oct. 30, 2009) (noting that an objecting party must do more than "simply rehash[ ] arguments already raised to the magistrate judge" to obtain *de novo* review).

A comparison of Plaintiff's Objections with Plaintiff's brief in support of his Request for Review reveals almost identical, indeed verbatim, arguments. For example, in Objection 1, the argument beginning with "Assessment of the credibility of an individual's statements . . ." and concluding with "heart attack on May 31, 1999" on pages one and two, are copied directly from the previous brief. Although the following sentence – regarding the ALJ "picking and choosing statements" – is new to this section, this same contention is repeated under Objection 7 and will thus be addressed at that time. Almost the entirety of Objection 2 is extracted directly from Plaintiff's previous brief, albeit with some alteration of the order of the sentences. Finally, Objections 3 and 4 show no substantive difference from the previously proffered arguments. Because such Objections fail to contain the specificity required by 28 U.S.C. § 636(b)(1) and simply rehash arguments already raised to the Magistrate Judge, this Court does not grant them *de novo* review. Moreover, upon general consideration of the portions of the R&R addressing such Objections, the Court finds

no clear error or manifest injustice in the Magistrate Judge's conclusions.  See Bohovich v. Astrue, No. CIV.A.06-1710, 2008 WL 416269, at *2 (M.D. Pa.  Feb. 13, 2008) (noting that portions of an R&R that are not the subject of specific objections should, at minimum, be reviewed for clear error or manifest injustice).  Accordingly, Objection Nos. 1-4 are overruled.

### B.    Whether the R&R Failed to Properly Set Forth the Correct Substantial Evidence Test (Objection 5)

Plaintiff's next objection contends that "[t]he R and R fails to properly set forth the correct substantial evidence test used specifically in disability cases, setting forth only a limited version of that [test] at page 4 of the R and R."  (Pl.'s Objection 5.)  Plaintiff goes on to cite the Third Circuit case of Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) for the purportedly proper standard of review,[2] but then offers no further argument on this issue.

Upon consideration of this Objection, this Court deems it meritless.  The Magistrate Judge expressly set forth the "substantial evidence" standard as follows:

---

[2]  In the portion of the opinion quoted (albeit incorrectly) by Plaintiff, the Third Circuit stated:

> The "substantial evidence" standard of review requires that we review the whole record. . . . Smith, 637 F.2d at 970 ("Despite the deference to administrative decisions implied by this standard, appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the Secretary's decision is not supported by substantial evidence."). Further, in evaluating whether substantial evidence supports the ALJ's findings, we are mindful that "leniency [should] be shown in establishing the claimant's disability, and that the Secretary's responsibility to rebut it [should] be strictly construed. . . .  [D]ue regard for the beneficent purposes of the legislation requires that a more tolerant standard be used in this administrative proceeding than is applicable in a typical suit in a court of record where the adversary system prevails."  Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting Hess v. Sec'y of Health, Educ. & Welfare, 497 F.2d 837, 840 (3d Cir. 1974)).

Id. at 379.

The role of this Court on judicial review is to determine whether there is substantial evidence in the administrative record to support the Commissioner's final decision. Any findings of fact made by the Commissioner must be accepted as conclusive, provided that they are supported by substantial evidence. 42 U.S.C. § 405(g).

"Substantial evidence" is deemed to be such relevant evidence as a reasonable mind might accept as adequate to support a decision. Richardson v. Perales, 402 U.S. 389, 407 (1971), quoting, Consol. Ed. Co. v. NLRB, 305 U.S. 197, 229 (1938). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied, 113 S. Ct. 1294 (1993). The ALJ must consider all relevant evidence in the record and provide some indication of the evidence he rejected and why he rejected it. See Adorno v. Shalala, 40 F.3d 43, 48 (3d Cir. 1994); Cotter v. Harris, 642 F.2d 700, 704 (3d Cir. 1981). When determining whether the ALJ's decision is supported by substantial evidence, the Court may look to any evidence in the record, regardless of whether the ALJ cites to it in his decision. Hook v. Bowen, 677 F. Supp. 305, 306 (M.D. Pa. 1988); Esposito v. Apfel, 66 Soc.Sec.Rep.Serv. 2000 WL 218119, at *6 (E.D. Pa. Feb. 24, 2000). Thus, the issue before this Court is whether the Commissioner's final decision of "not disabled" should be sustained as being supported by substantial evidence.

(R&R 3-4.) Plaintiff does not suggest that any of the cases cited above – particularly those hailing from the Supreme Court and Third Circuit – are outdated or no longer good law. Moreover, Plaintiff identifies nothing within this standard that is incorrect or incomplete. Indeed, the legal principles highlighted by Plaintiff in his brief as constituting the correct standard are clearly contained within the standard set out by the Magistrate Judge.

More importantly, Plaintiff does not identify any portion of the decision wherein the Magistrate Judge failed to apply any of the key principles of the basic substantial evidence standard when reviewing the ALJ's decision. Accordingly, even if the R&R's standard were in some way incomplete, Plaintiff has not shown how that omission had any impact on the decision. As such, this Objection is overruled.

### C.	Whether the Magistrate Judge Committed an Error of Law in Not Requiring a Consultative Examination (Objection 6)

In his next Objection, Plaintiff asserts as follows:

> The Magistrate Judge committed error of law in not requiring a CE, in that an opinion based on personal, contemporaneous observation was not available. (Plaintiff retained counsel some six years after the date of last insurance). In such situations, SSR 83-20 calls for an ALJ to have the benefit of expert medical advice based on the best available data without regard to its source. *See* Walton v. Halter, 243 F.3d 703 (3d Cir. 2001). (Dealing with the determination of the onset date). In the instant matter, it is further noted that the record is not complete and the medical evidence is not consistent.

(Pl.'s Objections p. 5.)

As a primary matter, Plaintiff's contentions regarding the date of onset of his disability were never raised as an issue to the Magistrate Judge. Accordingly, they are waived and may not be raised for the first time during objections. See Santiago-Rivera v. Barnhart, No. CIV.A.05-5698, 2006 WL 2794189, at *2 n.5 (E.D. Pa. Sept. 26, 2006) ("A party waives any issue not raised in its initial brief.") (citing Warren G. v. Cumberland Cnty. Sch. Dist., 190 F.3d 80, 84 (3d Cir. 1999)); Thomas v. Chater, No. CIV.A.95-3194, 1997 WL 256458, at *7 n.10 (E.D. Pa. May 9, 1997) ("Issues raised for the first time in objections to a magistrate's recommendations are deemed waived.") (citing Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)).

Moreover, nothing in the legal authority cited by Plaintiff required the ALJ to obtain a consultative examination in order to determine the onset date of the disability. Social Security Ruling 83-20 specifically notes that in disabilities of non-traumatic origin, "the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case." Social Security Ruling 83-20, 1983-1991 Soc. § Rep. Serv. 49,

1983 WL 31249, at *2 (S.S.A. 1983). The Ruling goes on to state that:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

Id. at *3. This principle was confirmed in Plaintiff's cited case of Walton v. Halter, 243 F.3d 703 (3d Cir. 2001), where the Third Circuit required the ALJ to seek assistance from a medical advisor to determine the onset date of a slowly progressive impairment such as, in that case, bipolar disorder. Id. at 709-10; see also Grebenick v. Chater, 121 F.3d 1193, 1201 (8th Cir. 1997) ("[i]f the medical evidence is ambiguous and a retroactive inference is necessary, SSR 83-20 requires the ALJ to call upon the services of a medical advisor to insure that the determination of onset is based upon a 'legitimate medical basis'"); Bailey v. Chater, 68 F.3d 75, 79 (4th Cir. 1995) (mandating enlistment of a medical expert only when evidence of onset is ambiguous, not merely when onset of disability must be inferred); Spellman v. Shalala, 1 F.3d 357, 362 (5th Cir. 1993) ("We therefore hold that in cases involving slowly progressive impairments, when the medical evidence regarding the onset date of a disability is ambiguous and the Secretary must infer the onset date, SSR 83-20 requires that that inference be based on an informed judgment. The Secretary cannot make such an inference without the assistance of a medical advisor."); DeLorme v. Sullivan, 924 F.2d 841, 848 (9th Cir. 1991) ("In the event that the medical evidence is not definite concerning the onset date and medical inferences need to be made, SSR 83-20 requires the administrative law judge to call upon the services of a medical advisor and to obtain all evidence which is available to make the

determination.").

On the other hand, SSR 83-20 goes on to state that "[f]or disabilities of *traumatic* origin, onset is the day of the injury if the individual is thereafter expected to die as a result or is expected to be unable to engage in substantial gainful activity . . . for a continuous period of at least 12 months." SSR 83-20, 1983 WL 31249, at *2 (emphasis added). In light of this statement, Walton's directive has been limited to "cases where the ALJ must infer the onset date based on an unclear medical record and the impairment at issue becomes progressively worse over an extended period of time." Buckley v. Comm'r of Soc. Sec., No. CIV.A.09-4275, 2010 WL 3515584, at *13 (D.N.J. Aug. 31, 2010) (citing Bailey v. Comm'r of Soc. Sec., 354 Fed. App'x 613, 618 (3d Cir. 2009) (". . . further decisions of our court have confirmed that Walton's directive to seek out the services of a medical advisor is limited to situations where the underlying disease is progressive and difficult to diagnose, where the alleged onset date is far in the past, and where medical records are sparse or conflicting.")); Klangwald v. Comm'r of Soc. Sec., 269 Fed. App'x 202, 205 (3d Cir. 2008) (" . . . we have generally applied SSR 83-20 only where medical evidence from the relevant period is unavailable."); Kirk v. Comm'r Soc. Sec., 177 Fed. App'x 205, 208-09 (3d Cir. 2006) (ALJ did not err in not calling a second medical advisor when the plaintiff's "claim of an earlier onset create[d] a time period of only three years [and] [a]dditionally . . . the medical evidence available for the time period in question support[ed] the ALJ's conclusion regarding the onset date.") (emphasis omitted)); see also Guerrero v. Comm'r of Soc. Sec., 249 Fed. App'x. 289, 292 (3d Cir. 2007) ("[B]ecause [plaintiff] did not present any evidence demonstrating that her depression was a long-standing, slowly progressing condition . . . the ALJ was not required to call a medical expert to assist in determining a disability onset date.").

In the present case, Plaintiff alleged disability beginning on May 31, 1999, as a result of acute myocardial infarction. Specifically, Plaintiff presented evidence of two heart attacks – one on May 31, 1999 and one on July 5, 1999 – after which he ceased all substantial gainful activity. He has not since been hospitalized for any chest pain. Accordingly, Plaintiff's alleged disabling condition was of traumatic origin and allowed for simple determination of the onset date. As Plaintiff did not present any evidence demonstrating that his heart condition was long-standing and slowly progressing, the ALJ was not required to call a medical expert to determine the disability onset date. In turn, the Magistrate Judge did not err in failing to remand for consultation of such an expert.

> **D.** **Whether the Magistrate Judged Erred by Failing to Address the Fact that the ALJ Picked and Chose Among the Evidence in the Record in Order to Reach a Decision (Objection 7)**

Plaintiff's final cognizable objection asserts that,

> The Magistrate Judge's discussion of the evidence of record reiterates, with approval, and without proper/adequate scrutiny, the ALJ's summary of same at R and R pp. 12-14, even quoting it verbatim. The Magistrate Judge erroneously failed to address the fact that the ALJ committed error by picking and choosing among the findings in the evidentiary record, thereby creating a distortion of same, an act specifically prohibited of ALJ's and Magistrate Judges.

(Pl.'s Objections pp. 5-6.) Plaintiff goes on to cite several cases for the proposition that an ALJ may not rely on isolated and selective excerpts from the medical evidence to inform his assessment of a plaintiff's residual functional capacity. (Id. at 6 (citing Bohizic v. Comm'r of Soc. Sec, No. CIV.A.08-19, 2008 WL 5378277 (E.D. Pa. Dec. 23, 2008); Natale v. Comm'r of Soc. Sec, 651 F. Supp. 2d 434 (W.D. Pa. 2009)).

This argument is meritless. In the challenged portion of the R&R, the Magistrate Judge

reviewed the ALJ's finding that Plaintiff's statements regarding his limitations were not credible to the extent they were inconsistent with a residual functional capacity assessment of light work. In doing so, the Magistrate Judge quoted at length from the ALJ's analysis of Plaintiff's credibility. (R&R 12-14.) The Magistrate Judge then went on to reason that the ALJ's conclusion was adequate given: (1) the lack of objective medical evidence to support Plaintiff's allegations of totally debilitating limitations and (2) Plaintiff's self-reported statements and activities which belied his subjective complaints. (Id. at 14-16.) Indeed, far from resting solely on the ALJ's reasoning, the R&R contained an extensive, independent analysis of the record under the controlling regulations. Ultimately, the Magistrate Judge concluded that "[t]here is sufficient evidence in the record to support the ALJ's credibility finding." (Id. at 16.)

The Court finds no error in such reasoning. The scope of judicial review in a social security case is limited to determining whether there is substantial evidence in the record to support the Commissioner's decision. Schaudeck, 181 F.3d at 431. Substantial evidence is "such relevant evidence as a reasoning mind might accept as adequate to support a conclusion." Stewart v. Sec'y of Health Educ. & Welfare, 714 F.2d 287, 290 (3d Cir. 1983). Bound by this standard, the Magistrate Judge correctly found that the ALJ had more than substantial evidence on which to partially discredit Plaintiff's subjective complaints of pain. Although the Magistrate Judge quoted extensively from the ALJ's decision, he did so only as part of a lengthier discussion of why the ALJ's ruling found ample support in the record. Ultimately, the Magistrate Judge concurred with the ALJ that the absence of medical evidence to support any limitations from Plaintiff's heart condition, the lack of hospitalizations and generally conservative treatment since his last heart attack in 1999, and the fact that Plaintiff's daily activities were not limited to the extent that would be

expected given the complaints of disabling symptoms and limitations constituted substantial evidence to support a finding that Plaintiff was not fully credible.

Undoubtedly, an ALJ may not select only evidence that favors his ultimate conclusion. Bohizic, 2008 WL 5378277, at *4; Natale, 651 F. Supp. 2d at 454. By the same token, however, the ALJ is free to rest a finding of no disability on a record overwhelmingly reflecting a non-disabled individual, despite the presence of a few bits of evidence suggesting some medical problems. A reviewing court, acting under the substantial evidence standard, must uphold such a decision. While Plaintiff in this case now attempts to fault the Magistrate Judge and ALJ for allegedly "picking and choosing among the findings in the evidentiary record," he does not indicate what evidence the ALJ and Magistrate Judge ignored in favor of the selected evidentiary citations. Given Plaintiff's lack of explanation for his argument and the fact that the record itself is generally devoid of any evidence undermining the ALJ's findings, the Court finds no error in the Magistrate Judge's acceptance of the ALJ's credibility determination.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will overrule Plaintiff's Objections and adopt the Report and Recommendation in its entirety. An appropriate Order follows.